IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ZACH GRAY AND SUSAN GRAY,

                    Plaintiffs,                              **8:16CV227**

              vs.

PAT WIESE AND NANCY WIESE,                      **MEMORANDUM AND ORDER**

                    Defendants.

        This matter is before the Court on defendants' Motion to Dismiss (Filing No. 19) for lack of standing under Federal Rule of Civil Procedure 12(b)(1), for failure to join a required party under Rule 12(b)(7), and for failure to state a claim upon which relief may be granted under Rule 12(b)(6). This is an action for fraudulent concealment, fraudulent misrepresentation, and negligent misrepresentation in connection with the purchase of a heifer. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

## I.    BACKGROUND

        In their Amended Complaint, the plaintiffs allege the defendants misrepresented the genetic makeup of a heifer, "Patty," that they purchased for breeding purposes. They allege they were told the heifer was fifty-percent "Maine, a highly desired breed" and they later learned through DNA testing that the heifer was only 12% Maine. They allege they relied on the representation in purchasing the heifer. Consequently, they allege they have been harmed in that they overpaid for the heifer and had to refund money to customers who had purchased the heifer's offspring. They seek recovery of actual and consequential damages, including their purchase price of $50,500.00, outlays of over $34,000.00 for housing, feeding, insuring, advertising and breeding the heifer, and over $45,000.00 in sales commissions, refunds, and settlements with purchasers of offspring, as well as interest, attorney fees and costs.

Defendants contend that the registration papers attached to the plaintiffs' Amended Complaint as Exhibit A show that Whitney Gray is the registered owner of the subject heifer, rather than plaintiffs Zach and Susan Gray.  According to defendants, the plaintiffs lack standing to sue and further, they argue the Amended Complaint is subject to dismissal for failure to join Whitney Gray as a necessary party.  Also, they contend that the plaintiffs have failed to allege fraud with particularity and the allegations of the Amended Complaint do not state a claim that is plausible on its face.

## II.     DISCUSSION
### A.     Standing
#### 1.     Law

If a litigant lacks standing under Article III of the Constitution, then a federal court has no subject matter jurisdiction over the suit.  *Iowa League of Cities v. EPA*, 711 F.3d 844, 869 (8th Cir. 2013).  "To show standing under Article III of the U.S. Constitution, a plaintiff must demonstrate (1) injury in fact, (2) a causal connection between that injury and the challenged conduct, and (3) the likelihood that a favorable decision by the court will redress the alleged injury."  *Id.* (quoting *Young Am. Corp. v. Affiliated Computer Servs. (ACS), Inc.*, 424 F.3d 840, 843 (8th Cir. 2005)).

 "An injury-in-fact is a harm that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  Additionally, the injury must be "fairly traceable to the challenged action of the defendant."  *Saunders v. Farmers Ins. Exch.*, 440 F.3d 940, 943 (8th Cir. 2006) (quoting *Lujan*, 504 U.S. at 560).

In a diversity suit, a plaintiff must also have standing to sue under state law in order for a federal court to hear the state law claim.  *See Myers v. Richland County*, 429

F.3d 740, 749 (8th Cir. 2005).  To establish standing and invoke a court's jurisdiction, "one must have some legal or equitable right, title, or interest in the subject of the controversy."  *Spring Valley IV Joint Venture v. Nebraska State Bank of Omaha*, 690 N.W.2d 778, 781 (Neb. 2005).  A party has standing to bring a cause of action to recover damages incurred personally resulting from fraud against them.  *See, e.g., Meyerson v. Coopers & Lybrand*, 448 N.W.2d 129, 134 (Neb. 1989); *McCracken v. Thomas Jackson Family Office, Inc*., No. A-14-1107, 2016 WL 384977, at *4 (Neb. Ct. App. February 2, 2016) (stating the plaintiffs "would have standing to bring causes of action to recover damages incurred by them personally resulting from the breach of any contracts to which they were parties or resulting from fraud against them").

### 2.   Analysis

The Court finds the plaintiffs' Amended Complaint withstands the defendants' Rule 12(b)(1) challenge.  In the Amended Complaint, the plaintiffs allege facts sufficient to show they have suffered an injury in fact.  They allege they purchased the heifer and have suffered monetary losses as a result of the defendants' alleged misrepresentations with respect to the heifer's lineage.  They allege they have incurred actual costs and outlays as a result of the defendants' allegedly wrongful conduct.  The harm they allege is concrete and particularized and their allegations are more than conjectural or hypothetical.  Accordingly, the Court finds the allegations of the Amended Complaint sufficiently allege that the plaintiffs have standing to sue.

The defendants' reliance on the registration paperwork as evidence of ownership of the subject heifer by another person is unavailing at this point.   While the document may have legal importance to this case, the plaintiffs sufficiently allege they are the persons who were injured by the defendants' wrongdoing.  They allege they suffered damages as the result of the defendants' conduct.  The alleged fraud was directed at them and they relied on the alleged misrepresentations.

It is not essential to the plaintiffs' recovery that they own or have a present interest in the subject heifer. As noted above, the plaintiffs allege they paid the purchase price for the heifer in reliance on the defendants' representations, paid for her upkeep and breeding, and sustained monetary losses as the result of the alleged misrepresentation. The Amended Complaint, taken as true as the Court must, alleges plaintiffs are the parties who were injured by defendants' alleged acts or omissions.

### B.     Joinder

#### 1.     Law

"Federal Rule of Civil Procedure 12(b)(7) permits dismissal of a complaint for failure to join a party under [Federal Rule of Civil Procedure] 19," although courts are generally reluctant to grant those motions. *Fort Yates Pub. Sch. Dist. No. 4 v. Murphy ex rel. C.M.B.*, 786 F.3d 662, 671 (8th Cir. 2015) (quoting *16th & K Hotel, LP v. Commonwealth Land Title Ins. Co.*, 276 F.R.D. 8, 12 (D.D.C. 2011)). The party moving for dismissal under Rule 12(b)(7) has the burden to show that the absent person should be joined under Rule 19. *West Peninsular Title Co. v. Palm Beach County*, 41 F.3d 1490, 1492 (11th Cir. 1995).

"Broadly speaking, Rule 19 requires the joinder of parties necessary for the fair and complete resolution of the case; when joinder of such a party is not feasible, however, 'the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'" *Id.* (quoting Fed. R. Civ. P. 19(b)). "Determining whether an entity is an indispensable party is a highly-practical, fact-based endeavor[.]" *Id.* A person may be necessary in three different ways: (1) if, in her absence, the court cannot accord complete relief among existing parties; (2) if she has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest; and (3) if she has an

4

interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest. *Salt River Project Agric. Improvement. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012).

### 2.   Analysis

The court rejects the defendants' contention that the action is subject to dismissal for failure to join a required party under Rule 12(b)(7). While the evidence may later establish Whitney Gray's indispensability or that she is the real party in interest here, the defendants have not established on the face of the Complaint that Whitney Gray is an indispensable party. It appears that the court can afford complete relief for the alleged misconduct among the existing parties, assuming the plaintiffs prove their damages. Resolving the issue of the defendants' liability for misrepresentations to the plaintiffs will not as a practical matter impair or impede Whitney Gray from protecting her interest, and even if she has an interest in the action, there has been no showing that resolving this action in her absence would leave her subject to any inconsistent obligations.

### C.   Failure to State a Claim
#### 1.   Law

Under the Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff's obligation to provide the grounds for entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (factual allegations must be sufficient to show more than just

speculative right to relief).  In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 547.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense."  *Id.* at 679.  Courts follow a "two-pronged approach" to evaluate Rule 12(b)(6) challenges.  *Id.*  First, a court divides the allegations between factual and legal allegations; factual allegations should be accepted as true, but legal allegations should be disregarded.  *Id.*  Second, the factual allegations must be parsed for facial plausibility.  *Id.*

Also, under the Federal Rule of Civil Procedure 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud."  The rule is interpreted "'in harmony with the principles of notice pleading,' and to satisfy it, the complaint must allege 'such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'"  *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (quoting *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002)).  The complaint "must plead the 'who, what, where, when, and how' of the alleged fraud.'"  *Id.* (quoting *United States ex rel. Joshi v. St. Luke's Hosp.*, 441 F.3d 552, 556 (8th Cir. 2005)).  Because this higher degree of notice is intended to enable the defendant to respond specifically and quickly to potentially damaging allegations, conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule.  *Id.*  However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

Under Nebraska law, to state a claim for fraud or misrepresentation a plaintiff must allege (1) a representation was made; (2) the representation was false; (3) when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) it was made with the intention that the plaintiff should rely upon it; (5) the plaintiff did so rely; and (6) the plaintiff suffered damage as a result. *Freeman v. Hoffman La Roche, Inc.*, 618 N.W.2d 827, 844-45  (Neb. 2000). False representations must be the proximate cause of the damage before a party may recover. *Huffman v. Poore*, 569 N.W.2d 549, 560 (Neb. Ct. App. 1997).

Liability for negligent misrepresentation is based upon the failure of the actor to exercise reasonable care or competence in supplying correct information.  *Gibb v. Citicorp Mortgage, Inc.*, 518 N.W.2d 910, 920 (Neb. 1994) (adopting Restatement (Second) Torts § 552 to specifically enumerate the elements of a negligent misrepresentation claim).  The Restatement (Second) of Torts § 552 provides:  "One who . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information. . . ."  Restatement (Second) Torts § 552 at 126 (1977); *see Washington Mut. Bank, FA v. Advanced Clearing, Inc.*, 679 N.W.2d 207, 210 (Neb. 2004).

## 2.    Analysis

The Court finds the plaintiffs have alleged fraud with specific particularity to withstand the defendants' Rule 12(b)(6) and Rule 9(b) challenges.  The plaintiffs have alleged facts that state a claim for fraudulent and negligent misrepresentation under Nebraska law.  They have sufficiently alleged the "who, what, when, where, and how" of the allegedly fraudulent statements or omissions and have alleged generally that the defendants knew or should have known that their representations as to the heifer's heritage were false, or that plaintiffs were at least reckless in their representations. Accordingly,

7

IT IS ORDERED that:

1.      The defendants' Motion to Dismiss (Filing No. 19) is DENIED.

2.      The defendants shall answer or otherwise respond to the plaintiffs' Amended Complaint within 14 days of the date of this Memorandum and Order.

Dated this 25th day of August, 2016.

                                        BY THE COURT:

                                        s/ *Robert F. Rossiter, Jr.*
                                        United States District Judge